UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALFRED W. COMER, JR.,

    Plaintiff,

        v.                          CAUSE NO. 3:26-CV-933-CCB-SJF

SILVERIO, et al.,

    Defendants.

## OPINION AND ORDER

Alfred W. Comer, Jr., a prisoner without a lawyer, filed a complaint against five defendants alleging they were deliberately indifferent to his serious medical needs because they refused to give him an antibiotic prescribed by a hospital doctor to treat a urinary tract infection. ECF 1. He also filed an emergency motion for a preliminary injunction asking the court to order the defendants to provide him with an antibiotic. ECF 3. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Comer asserts he was diagnosed with a neurogenic bladder in 2011, which has caused him to have bladder and urinary tract infections over the years.

ECF 1 at 2. Recently, on May 12, 2026, Comer was evaluated by an outside urologist, who used a scope to look inside his bladder. *Id*. About eight days later, on May 20, Comer saw a Westville medical provider and discussed the findings from his recent appointment. *Id*. He also requested that he be given a urine culture, which he had two days later. *Id*.

On June 5, Comer was called to Westville's urgent care unit because the culture results indicated he had an infection. *Id*. Dr. Crittendon, Medical Provider Barlow, and Medical Provider Nicole were on duty in the unit at that time.[1] *Id*. Barlow told Comer that Dr. Crittendon ordered an antibiotic that he would take daily. *Id*. at 2-3. However, Westville never received the antibiotic. *Id*. at 3.

On June 10, Comer asserts he woke up at 10:00 p.m., but he was unable to urinate and could not insert his catheter into his bladder. *Id*. He then made his way to the officers' station and explained the situation. *Id*. Two officers escorted Comer to Westville's urgent care unit where medical providers attempted to perform an ultrasound of his bladder, but they could not do so because his bladder was full of urine. *Id*. A nurse also tried to insert a sixteen-inch Foley catheter into his bladder but was unsuccessful. *Id*. Given the situation, Comer was taken to the hospital. *Id*.

After arriving at the hospital, a nurse attempted to insert catheters of varying lengths into Comer's bladder to drain it but was unsuccessful in doing so. *Id*. at 4. A stronger eighteen-inch Foley catheter was finally used, which ultimately worked and

---

[1] Comer has not named Dr. Crittendon as a defendant in this case.

2

caused Comer's urine to drain from his bladder. *Id*. Because a hospital test indicated that he had an infection, he was given an intravenous antibiotic at the hospital and a prescription for an antibiotic to take upon his release from the hospital. *Id*.

When he returned to Westville that same day, Comer continued to have the eighteen-inch Foley catheter inserted in his bladder. *Id*. He took his prescription to the medical unit where Provider Barlow reviewed the prescription and laughed at him. *Id*. Comer explained to Provider Barlow that he needed the antibiotic, but she told him he could not get it. *Id*. He asserts Provider Barlow did not check his catheter or urine bag; instead, she instructed him to go to his housing unit and wait until the doctor got there. *Id*. at 5.

As Comer was leaving the medical unit, Dr. Liaw entered and Provider Barlow gave Dr. Liaw the prescription and paperwork from the hospital. *Id*. Comer told Dr. Liaw that the hospital doctor prescribed an antibiotic for his infection. *Id*. Dr. Liaw stated that Comer could be given the antibiotic every four hours but Provider Barlow said "No." *Id*. Dr. Liaw then told Comer to go back to his housing unit without giving him the antibiotic. *Id*.

On June 15, Comer filed an emergency grievance but asserts that the grievance specialist did not process it. *Id*. at 5. He also submitted healthcare requests to Medical Administrator Silverio, but did not receive the medical help he needed. *Id*. at 6. Comer received a response to one healthcare request, which indicated medical providers were waiting for approval for the antibiotic. *Id*.

3

On June 16, Comer went to the medical unit because his Foley catheter leg patch came off when he took a shower. *Id*. He explained to IC Medical Room Provider Williams that he was concerned his catheter would not stay in place because the patch had come off. *Id*. However, Provider Williams told Comer that she could not help him and she would not give him tape when he asked for it. *Id*. Comer ended up tying his catheter to his leg even though it was painful. *Id*.

In sum, Comer asserts he still has the eighteen-inch Foley catheter inserted in his bladder and has not yet received an antibiotic. *Id*. at 5. He describes having a burning sensation and being dizzy from the infection. *Id*. Comer states his urine is dark, cloudy, and smells foul. *Id*. He believes he is at substantial risk of developing sepsis if he is not prescribed an antibiotic. *Id*. at 6. Comer seeks monetary damages and a court order directing the defendants to provide him with an antibiotic. *Id*. at 7.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and

4

decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Giving Comer the benefit of the inferences to which he is entitled at this stage of the proceedings, he has stated Eighth Amendment claims against Dr. Liaw and Medical Provider Barlow for being deliberately indifferent to his serious medical condition by refusing to prescribe an antibiotic to treat his urinary tract infection in June 2026, knowing that he had a urinary track infection and that another medical provider believed an antibiotic was needed.

However, to the extent Comer has sued Medical Administrator Silverio, IC Medical Provider Williams, and Medical Provider Nicole, he has not stated claims against these defendants. Here, he does not describe how these defendants were personally involved in the decisions regarding his medical treatment for his urinary tract infection. "A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation." *Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) (citation omitted). Moreover, "[n]o prisoner is entitled to

insist that one employee do another's job, and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (internal quotation marks and brackets omitted); *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Therefore, Comer has not stated claims against these three defendants.

Furthermore, Comer states he filed an emergency grievance pertaining to his medical treatment for his urinary tract infection but the grievance specialist did not process the grievance. However, Comer has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he may not proceed here.

As a final matter, Comer filed an emergency motion for a preliminary injunction. ECF 3. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Comer believes a preliminary injunction is warranted because there is a substantial risk he will develop sepsis, if he is not given an antibiotic as prescribed by the hospital doctor. ECF 3 at 6. Accordingly, Comer's

6

emergency motion for a preliminary injunction will be taken under advisement and the Warden of Westville Correctional Facility will be added as a defendant in this case. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). The Warden will be ordered to respond to Comer's motion and Comer will then have an opportunity to file a reply.

For these reasons, the court:

(1) **DIRECTS** the clerk to add the Warden of Westville Correctional Facility in his official capacity as a party to this action;

(2) **GRANTS** Alfred W. Comer, Jr. leave to proceed against the Warden of Westville Correctional Facility in his official capacity on a claim for permanent injunctive relief in the form of ensuring that Comer is provided with constitutionally adequate medical treatment for his urinary tract infection;

(3) **GRANTS** Alfred W. Comer, Jr. leave to proceed against Dr. Liaw and Medical Provider Barlow in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his serious medical condition by refusing to prescribe an antibiotic to treat his urinary tract infection in June 2026, knowing that he had a urinary tract infection and that another medical provider believed an antibiotic was needed, in violation of the Eighth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** Medical Administrator Silverio, IC Medical Provider Williams, and Medical Provider Nicole;

(6) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) on the Warden of Westville Correctional Facility at the Indiana Department of Correction, with a copy of this order, the complaint (ECF 1), and the emergency motion for a preliminary injunction (ECF 3);

(7) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Liaw and Medical Provider Barlow at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(8) **TAKES UNDER ADVISEMENT** Alfred W. Comer's emergency motion for a preliminary injunction (ECF 3);

(9) **DIRECTS** the clerk to email a copy of this order, the complaint (ECF 1), and the emergency motion for a preliminary injunction (ECF 3) to the Warden of Westville Correctional Facility at the Indiana Department of Correction;

(10) **ORDERS** the Warden of Westville Correctional Facility to acknowledge receipt of the email;

(11) **DIRECTS** the clerk to docket receipt of the acknowledgement;

(12) **ORDERS the Warden of Westville Correctional Facility to file and serve a response to the emergency motion for a preliminary injunction (ECF 3), as soon as possible, but no later than July 7, 2026** (with supporting documentation and declarations from other staff as necessary), explaining how Alfred W. Comer's urinary

tract infection is being addressed in a manner that comports with the Eighth Amendment's requirements;

(13) **GRANTS** Alfred W. Comer, Jr., until **July 14, 2026**, to file a reply to the Warden's response;

(14) **ORDERS** the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant, if they do not waive service and it has such information; and

(15) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), the Warden of Westville Correctional Facility, Dr. Liaw, and Medical Provider Barlow to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 30, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT